hPETTIGREW, J.,
concurring.
Louisiana Revised Statutes 13:5107(D) is not a prescription article. Both the 1996 version of the statute and the current revision thereto, provide that if a party does not eomply'with said statute, their petition shall be dismissed without prejudice. Depending upon the individual facts of the case, and the time frame between the date of the original accident and the date the initial suit was dismissed without prejudice, a dismissal without prejudice may set up a scenario, in any subsequent suit filed by a plaintiff, wherein a defense of prescription could be urged on behalf of the adverse party.
Louisiana Code of Civil Procedure article 925 provides a listing of nonexclusive exceptions that may be raised by declina-tory exception. Included amongst these are insufficiency of citation and insufficiency of service of process. The listing set forth in Art. 925 has long been held to be illustrative and nonexclusive. Support for this proposition can be found in the official comments of said article prior to the amendment of Acts 1997, No. 578, Sec. 1:
| ¡..This enumeration was made illustrative, rather than restrictive, so as to permit any other possible objection which presently might be urged through a declinatory exception to be raised through this exception.
Louisiana Revised Statute 13:5107(D) merely creates another declinatory exception to be urged by defendants. This dec-linatory exception must be raised prior to, or in connection with, the defendant’s answer or it is waived. The defendants in this case did not raise the declinatory exception prior to, or as part of, their an *685 swer. As a result, defendants have waived their right to object to plaintiffs violation of La. R.S. 13:5107(D). For this reason, the decision of the trial court should be affirmed.